# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>v.<br><br>DAVID KENT FITCH,<br><br>    Defendant/Movant. | Case No. 2:00-CR-0050-KJD-RJJ<br>             2:05-CV-0064-KJD-RJJ<br><br>**ORDER** |

Presently before the Court is Movant's Application for Certificate of Appealability (#80).

I.  Facts and Procedural History

Movant pled guilty to possession of false identification documents with intent to defraud the United States (18 U.S.C. § 1028(a)(4)), use of a false passport (18 U.S.C. § 1542), and unlawful possession of a firearm and ammunition by a felon (18 U.S.C. § 922(g)(1)).  Judgment of Conviction was entered November 14, 2000.  Movant filed a direct appeal which was denied December 14, 2001.  Movant's Petition for Certiorari to the United States Supreme Court was denied April 22, 2002.  Thus, Movant Fitch's one-year time period in which to file a motion under 28 U.S.C. § 2255 began to run on April 22, 2002 and expired on April 23, 2003.  Movant Fitch filed the present motion on January 20, 2005 well beyond the statutory deadline.  On June 29, 2004, Fitch was

indicted on new charges stemming from behavior that occurred around the same time as the facts leading to his conviction in the present action.

On July 10, 2006, the Court denied Movant's Motion to Vacate, Set Aside or Correct Sentence (#55) because it was filed after the one-year statute of limitations for motions under 28 U.S.C. § 2255.  Movant seeks a Certificate of Appealability for Grounds One, Five, Six and Twelve as presented in his Motion to Vacate (#55).  Since Movant has not sought a certificate of appealability on any other ground stated in his motion, the Court denies a certificate of appealability on all other grounds.

When a court dismisses claims based on procedural claims, as the Court has in the present case, the court, before issuing a certificate of appealability, must first "decide whether jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right.  Second, the court must decide whether jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000).

Movant Fitch has shown that reasonable jurists would find it debatable whether the motion states a valid claim of the denial of a constitutional right (the effective assistance of counsel) and jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Movant Fitch's motion for a certificate of appealability on Ground One will be granted, but only as it relates to his claim of ineffective assistance of counsel for failing to inform him that new charges could be brought at a later date based on different conduct occurring around the same time as the conduct that led to his initial indictment in 2000.

The Court will deny a certificate of appealability as it relates to Grounds Five, Six and Twelve, because all of the conduct complained of by Fitch in those grounds should have been raised within one-year of the Supreme Court's denial of his petition for certiorari.  No reasonable jurist could conclude otherwise.  Any other conduct in Ground Six that Fitch alleges could not have been

discovered until he was indicted again in 2004 is identical to and duplicative of the conduct he complains of in Ground One.

Accordingly, IT IS HEREBY ORDERED that Movant's Application for Certificate of Appealability (#80) is **GRANTED in part and DENIED in part;**

IT IS FURTHER ORDERED that the COA is **DENIED** as to all grounds raised by Movant except Ground One;

IT IS FURTHER ORDERED that the COA is **GRANTED** as to Ground One, namely:

(1) Whether his counsel's failure to inform him that new charges could be brought against him at a later date for different conduct occurring at the same time as the conduct which he was initially indicted for constituted ineffective assistance of counsel.

DATED this 8th day of November 2006.

_____
Kent J. Dawson
United States District Judge